IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARK ALAN WINGER, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-3169 |
| ) | |
| FRANK LAWRENCE, Acting Warden, ) | |
| Menard Correctional Center, ) | |
| ) | |
|    Respondent. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Mark Alan Winger filed a petition under 28 U.S.C. § 2254 which is pending before the Court. Pending also are the Petitioner's motion for a stay and motion for leave to file a second habeas petition.

In his motion to stay judgment, the Petitioner asks the Court to stay this case pending the resolution of state court proceedings which he claims relate back to his § 2254 petition. The Petitioner contends the result of the state court proceedings could render moot two of the claims in this proceeding.

The Petitioner also seeks leave of Court to file a second supplemental habeas petition based on newly discovered information that was fraudulently concealed from the Petitioner's Defense Counsel. He also claims he has discovered other

1

information previously unknown. The Petitioner intends to raise the following grounds: structural defects occurred at trial which violated his Fifth and Fourteenth Amendment rights; a *Brady* violation based on the failure to disclose certain information; prosecutorial misconduct based on the failure to disclose; and ineffective assistance of trial and appellate counsel.

The Sangamon Country Docket shows that Petitioner's motion for leave to file a successive postconviction petition was denied. The Petitioner filed a notice of appeal on August 19, 2019. *See State v. Mark A. Winger*, 2001-CF-000798.

Upon reviewing the Petitioner's proposed new claims, the Court concludes that the claims are untimely under 28 U.S.C. § 2254(d)(1), which establishes a one-year limitations period from the latest of four possible dates. The Petitioner alleges his new claims are based on (1) facts contained in a trial transcript that was filed with Respondent's December 21, 2017 answer; (2) Illinois State Police (ISP) documents relating to his case and an investigation into improper conduct by Springfield Police Detectives; and (3) the Springfield Police Department (SPD) file on his case.

Because the Petitioner has had access to the trial transcript since it was prepared in 2002--or at least could have obtained it with the exercise of due diligence--the Court concludes any claims based on the trial transcript are untimely under § 2244(d)(1)(D).

Additionally, the Petitioner's new proposed ground ten (the prosecutor's alleged concealment of an alleged accomplice's role) is based on the same factual predicate as ground nine which was first raised in the state court in 2009. Because it is based on the same factual predicate, the Court concludes that the claim is untimely under § 2244(d)(1)(D).

The other claims the Petitioner seeks to raise are based on two ISP documents from the Petitioner's case file, one ISP document from an internal affairs file and two SPD documents from the Petitioner's case file. The Petitioner claims these documents show perjury and/or misconduct by the prosecutor and investigating detectives.

The State disclosed at least 4,700 pages of discovery, which included copies of subpoenas, police reports and ISP forensic reports. The Court concludes that the Petitioner's speculative assertion is insufficient to establish that he could not have discovered the factual predicate for the claims which rest on these documents sooner by using due diligence.

Additionally, the Court notes that the Petitioner received the ISP and SPD documents by December 8, 2017. Even if that were the date of discovery, the Petitioner's supplemental petition would still be more than four months late.

Based on the foregoing, the Court concludes that the claims the Petitioner seeks to add are untimely under § 2244(d)(1)(D).

The Court further finds that the habeas petition does not allege any unexhausted claim. Because the Petitioner has also failed to show that any "new" evidence was not previously disclosed or could have been obtained with the exercise of due diligence, the Court concludes there is no basis to delay proceedings on unexhausted claims in this proceeding while those claims are relitigated in state court. Accordingly, the motion to stay will also be denied.

<u>Ergo</u>, the Petitioner's motion to stay the judgment [d/e 49] is DENIED.

The Petitioner's motion for leave to file a second supplemental petition to his habeas corpus petition [d/e 53] is DENIED.

Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Federal Rule of Civil Procedure 25(d), the Clerk will substitute Frank Lawrence, Acting Warden of Menard Correctional Center, as the proper Respondent.

ENTER: September 27, 2019

    FOR THE COURT:

<u>/s/ *Richard Mills*</u>
Richard Mills
United States District Judge